**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOHN LAVALLA AND**                                                            **PLAINTIFFS**
**THERESA LAVALLA**

**v.**                              **CASE NO. 4:13CV00522 BSM**

**CALIBER HOME LOANS, INC.,**
**VERICREST FINANCIAL, INC., AND**
**JP MORGAN CHASE BANK, NA**                                **DEFENDANTS**

## ORDER

Plaintiffs' motion to amend the complaint [Doc. No. 20] is granted, and defendants'

motions to dismiss [Doc. Nos. 12, 15] are granted.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to

state a claim upon which relief can be granted.  To meet the 12(b)(6) standard, a complaint

must allege sufficient facts to entitle the plaintiff to the relief sought.  *See Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009).  Although detailed factual allegations are not required, threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, are

insufficient.  *Id*.  In ruling on a motion to dismiss, materials embraced by the pleadings, as

well as exhibits attached to the pleadings and matters of public record, may all be considered.

*Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## II.  FACTUAL ALLEGATIONS

Plaintiffs John and Theresa LaValla entered into a mortgage agreement with Chase

Manhattan Mortgage Group in 2007 to purchase a home in Benton, Arkansas.  They filed for

Chapter 7 Bankruptcy a year later.  Chase Home Finance, LLC. was granted relief from the bankruptcy stay on February 11, 2009, and was permitted to pursue state court remedies against the property.  The bankruptcy was discharged on May 21, 2009, and plaintiffs continued to pay their mortgage and remained in their home until March of 2013.

In August and September of 2013, plaintiffs received three letters from the mortgage servicer, Caliber Home Loans, Inc. (formerly Vericrest Financial, Inc.) ("Caliber"), advising them that a copy of their current homeowner's insurance policy had not been received and that insurance might be purchased on the property if they did not provide a copy of the policy.  The third letter informed plaintiffs that Caliber had purchased insurance on the property.  Each letter sent by Caliber contained a notice that if plaintiffs had received a bankruptcy discharge or if their account was subject to bankruptcy proceedings, the letter was for informational purposes only and was not an attempt to collect on a debt.

Plaintiffs filed this lawsuit on September 6, 2013,  alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state law.  Caliber and separate defendant JP Morgan Chase Bank, NA ("Chase") now move to dismiss.

## III.  DISCUSSION

A.    Plaintiffs' Motion to Amend is Granted

Plaintiffs' motion to file a second amended complaint is granted to avoid further delay and another needless and costly round of briefings.  Defendants moved to dismiss plaintiffs' original complaint, and plaintiffs amended it.  Now, defendants move to dismiss the amended

complaint, and plaintiffs seek to amend it again.

B.    Defendants' Motions to Dismiss are Granted

*1. Chase*

Chase's motion to dismiss [Doc. No. 15] is granted because plaintiffs' fraud and Arkansas Deceptive Trade Practices Act ("ADTPA") claims against it are unsupported. Indeed, plaintiffs are required to plead their fraud claims with particularity by setting forth the circumstances constituting fraud, and conclusory allegations of fraud and deception will not suffice. Fed. R. Civ. P. 9(b); *Schaller Telephone Co. v. Golden Sky Sys.*, 298 F.3d 736, 746 (8th Cir. 2002). Their ADTPA claim is also subject to this heightened pleading requirement. *Whatley v. ReconTrust Co. NA*, 3:10CV00242 JLH, 2010 WL 4916372, at *5-6 (E.D. Ark. Nov. 23, 2010) (applying the Rule 9(b) standard to ADTPA claims).

Even when the complaint is given a very liberal construction, it fails to meet the pleading requirements because it does not specify the time, manner, or content of the false representations. It also fails to identify the person making the false representations. Although plaintiffs assert that the identity of this individual is within Chase's sole knowledge, they have provided no information as to the content of the false representations they allege Chase made, much less when or how these representations occurred.

*2. Caliber*

Caliber's motion to dismiss [Doc. No. 12] is granted because nothing supports plaintiffs' positions that Caliber violated the FDCPA by: (1) allowing them to stay in the

home and make mortgage payments; or (2) notifying them regarding the need to maintain insurance on the property.

When the complaint is stripped of its formulaic recitations, it essentially alleges that Caliber, acting as Chase's agent, violated the FDCPA by attempting to collect on the mortgage, which was discharged in bankruptcy. It is clear, however, that bankruptcy debtors may exercise one of four options regarding real property during bankruptcy: (1) surrender the property; (2) retain the property by reaffirming the debt; (3) retain the property by redemption; or (4) retain the property and continue making payments. *In re Covel*, 474 B.R. 702, 709 (Bankr. W.D. Ark. 2012). The record indicates that plaintiffs exercised the fourth option because they remained in the home and continued making mortgage payments pursuant to the mortgage agreement for approximately four years after their bankruptcy discharge. Consequently, Caliber did not violate the FDCPA by permitting plaintiffs to exercise the fourth option.

## IV. CONCLUSION

For these reasons, plaintiffs have failed to state a plausible claim for relief and defendants' motions to dismiss [Doc. Nos. 12, 15] are granted.

An appropriate judgment shall accompany this order.

IT IS SO ORDERED this 28th day of January 2014.

_____
UNITED STATES DISTRICT JUDGE

4